IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**DENNIS W. WILLINGHAM,**

        **Plaintiff,**

v.                                                         **No. CIV-11-0508 LAM**

**MICHAEL J. ASTRUE, Commissioner**
**of the Social Security Administration,**

        **Defendant.**

## **MEMORANDUM OPINION AND ORDER**

**THIS MATTER** is before the Court on Plaintiff's *Motion to Reverse or Remand Administrative Agency Decision (Doc. 15)* and its accompanying *Memorandum in Support of Motion to Reverse or Remand Administrative Agency Decision (Doc. 16)* (hereinafter, collectively, "motion"), filed in this case on January 30, 2012. In accordance with 28 U.S.C. § 636(c)(1) and Fed. R. Civ. P. 73(b), the parties have consented to the undersigned United States Magistrate Judge to conduct all proceedings and enter a final judgment in this case. *See* [*Docs. 3, 4* and *6*].[1] The Court has reviewed Plaintiff's *Motion (Docs. 15* and *16)* and *Defendant's Response to Plaintiff's Motion to Remand or Reverse Administrative Agency Decision (Doc. 17)*, filed March 30, 2012, and the relevant law.[2] Additionally, the Court has meticulously reviewed and considered the entire administrative record (hereinafter "*Record*" or

---

[1] Plaintiff filed duplicate notices of his consent to proceed before the undersigned. *See* [*Docs. 3* and *4*].

[2] Plaintiff did not file a reply to his motion. He filed a *Notice of Completion of Briefing (Doc. 18)* on April 13, 2012.

1

"*R.*"). [*Docs. 11* and *12*].³  For the reasons set forth below, the Court **FINDS** that Plaintiff's motion should be **GRANTED**, and the decision of the Commissioner of Social Security (hereinafter "Commissioner") be **REMANDED** for further proceedings consistent with this Memorandum Opinion and Order.

## I.   Procedural History

On July 24, 2006, Plaintiff Dennis W. Willingham filed an application for Disability Insurance Benefits alleging that he became disabled on October 15, 2005. [*Doc. 11-1* at 43-45]. Plaintiff stated that he became disabled due to high blood pressure and low back pain. [*Doc. 11-2* at 9]. His application was denied at the initial level on July 24, 2006 (*see Doc. 11-1* at 18) and at the reconsideration level on April 17, 2007 (*id.* at 33-35). On May 17, 2007, Plaintiff requested a hearing (*id.* at 36), and on May 13, 2008, Administrative Law Judge (hereinafter "ALJ") George Reyes conducted a hearing (*Doc. 11-5* at 33-59 and *Doc. 12-1* at 1-3). Plaintiff was present and testified at the hearing (*Doc. 11-5* at -59 and *Doc. 12-1* at 1-2), and he was represented by counsel (*Doc. 11-5* at 35).

On September 3, 2008, the ALJ issued his decision, finding that under the relevant sections of the Social Security Act, Plaintiff was not disabled. [*Doc. 11-1* at 18-24]. Plaintiff requested that the Appeals Council review the ALJ's decision (*id.* at 14) and, on December 18, 2008, the Appeals Council denied Plaintiff's request for review (*id.* at 7-10), which made ALJ Reyes' decision the final decision of the Commissioner.

Plaintiff appealed the Appeals Council's decision to this Court on February 19, 2009 in Civil Case No. 09-0172 CEG.  [*Doc.* 16 at 2].  In that case, upon a motion by Plaintiff to reverse

---

³Citations to the Record (*Docs. 11* and *12*) are to the Court's CM-ECF page numbers in these documents.

or remand the Appeals Council's decision, United States Magistrate Judge Carmen E. Garza entered an order on April 1, 2010, remanding the case to the Appeals Council, finding that substantial evidence did not support ALJ Reyes' finding that Plaintiff's mental impairment was not severe at step two, and that substantial evidence did not support ALJ Reyes' Residual Functional Capacity (hereinafter, "RFC") finding. [*Doc. 24*, filed in Case No. 09-0172 CEG, at 11 and 18]. Specifically, the Magistrate Judge found that: (1) ALJ Reyes' reasons for rejecting Plaintiff's treating physician's opinion regarding Plaintiff's mental impairment at step two are not supported by the record (*id.* at 15); (2) ALJ Reyes failed to explain why he rejected Plaintiff's treating physician's opinion regarding Plaintiff's back pain (*id.* at 16-17); and (3) ALJ Reyes failed to identify what evidence supported his determination of Plaintiff's RFC (*id.* at 17-18).

On April 24, 2010, the Appeals Council vacated the Commissioner's final decision and assigned the case to an ALJ for further proceedings consistent with the Magistrate Judge's order. [*Doc. 12-2* at 28]. The case on remand was before ALJ Ann Farris, and ALJ Farris conducted a hearing on December 15, 2010. [*Doc. 12-1* at 17-49]. Plaintiff was present and testified at the hearing (*Doc. 12-1* at 25-43), and he was represented by counsel (*id.* at 20). Vocational expert (hereinafter "VE"), Judith Beard, was also present and testified at the hearing. *Id.* at 45-48.

On February 4, 2011, ALJ Farris issued her decision. [*Doc. 12-1* at 7-16]. ALJ Farris noted that while Plaintiff's July 24, 2006 application was pending, Plaintiff filed a new application for Disability Insurance Benefits on September 9, 2008, alleging disability since June 1, 2007. *Id.* at 7. ALJ Farris stated that a determination dated December 29, 2008 based on this second application found that Plaintiff was disabled starting on June 1, 2007. *Id.*; *see also* [*Doc. 17-1* at 1]. ALJ Farris, therefore, explained that the relevant period in question before her was from

3

October 15, 2005 (Plaintiff's alleged onset date in his July 24, 2006 application) to June 1, 2007 (the date Plaintiff has already been found to be disabled). [*Doc. 12-1* at 7]. ALJ Farris found that under the relevant sections of the Social Security Act, Plaintiff was not disabled between October 15, 2005 and June 1, 2007. *Id.* at 8. Respondent states that the Appeals Council denied Plaintiff's request for review of ALJ Farris' decision, which would have made ALJ Farris' decision the final decision of the Commissioner. [*Doc. 17* at 3]. On June 10, 2011, Plaintiff filed his complaint in this case. [*Doc. 1*].

## II. Standard of Review

The standard of review in a Social Security appeal is whether the Commissioner's final decision is supported by substantial evidence and whether the correct legal standards were applied. *Maes v. Astrue*, 522 F.3d 1093, 1096 (10th Cir. 2008) (citing *Hamilton v. Sec'y of Health & Human Servs.*, 961 F.2d 1495, 1497-98 (10th Cir. 1992)). If substantial evidence supports the ALJ's findings and the correct legal standards were applied, the Commissioner's decision stands, and the plaintiff is not entitled to relief. *See Langley v. Barnhart*, 373 F.3d 1116, 1118 (10th Cir. 2004); *Hamlin v. Barnhart*, 365 F.3d 1208, 1214 (10th Cir. 2004); *Doyal v. Barnhart*, 331 F.3d 758, 760 (10th Cir. 2003). Courts should meticulously review the entire record but should neither re-weigh the evidence nor substitute its judgment for that of the Commissioner. *Hamlin*, 365 F.3d at 1214; *Langley*, 373 F.3d at 1118.

"Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Langley*, 373 F.3d at 1118 (citation and quotation marks omitted); *Hamlin*, 365 F.3d at 1214 (citation and quotation marks omitted); *Doyal*, 331 F.3d at 760 (citation and quotation marks omitted). An ALJ's decision "is not based on substantial evidence if

it is overwhelmed by other evidence in the record or if there is a mere scintilla of evidence supporting it." *Langley*, 373 F.3d at 1118 (citation and quotation marks omitted); *Hamlin*, 365 F.3d at 1214 (citation and quotation marks omitted).  While a court may not re-weigh the evidence or try the issues *de novo*, its examination of the record as a whole must include "anything that may undercut or detract from the ALJ's findings in order to determine if the substantiality test has been met."  *Grogan v. Barnhart*, 399 F.3d 1257, 1262 (10th Cir. 2005) (citations omitted).  "The possibility of drawing two inconsistent conclusions from the evidence does not prevent [the ALJ]'s findings from being supported by substantial evidence."  *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007) (citing *Zoltanski v. F.A.A.*, 372 F.3d 1195, 1200 (10th Cir. 2004)).

A court's review is limited to the Commissioner's final decision (42 U.S.C. § 405(g)), which generally is the ALJ's decision (20 C.F.R. § 404.981).  The Tenth Circuit, however, has held that in some situations, a court must consider evidence beyond that which was considered by the ALJ.  *See Martinez v. Barnhart*, 444 F.3d 1201, 1207-08 (10th Cir. 2006).  Pursuant to 20 C.F.R. § 404.970(b), any new and material evidence that relates to the period on or before the date of the ALJ's decision shall be considered by the Appeals Council in determining whether to review the ALJ's decision.  If the Appeals Council denies review, the ALJ's decision becomes the Commissioner's final decision.  *O'Dell v. Shalala*, 44 F.3d 855, 858 (10th Cir. 1994) (citing 20 C.F.R. § 404.981).  Because a Court reviews the final decision based on the record as a whole, it will consider the evidence that was before the ALJ as well as the new and material evidence that was before the Appeals Council.  *Id.* at 859.  A court reviews the Commissioner's decision, which is the ALJ's decision and not the Appeals Council's denial of review.  *See id.* at 858.

Considering all of the evidence in the administrative record, a court decides whether the ALJ's findings are supported by substantial evidence and whether the correct legal standards were applied. *Maes*, 522 F.3d at 1096.

### III.  Applicable Law and Sequential Evaluation Process

For purposes of disability insurance benefits, a person is considered to be disabled if he or she is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months."  42 U.S.C. § 423(d)(1)(A),  20 C.F.R. § 416.905(a).  In light of this definition, a five-step sequential evaluation process has been established for evaluating a disability claim.  20 C.F.R. § 404.1520; *Bowen v. Yuckert*, 482 U.S. 137, 140 (1987).  At the first four steps of the sequential evaluation process, the claimant has the burden to show that:  (1) he is not engaged in "substantial gainful activity;" and (2) he has a "severe medically determinable . . . impairment . . . or a combination of impairments" which has lasted or is expected to last for at least one year; and (3) his impairment(s) either meet or equal one of the "Listings"[4] of presumptively disabling impairments; or (4) he is unable to perform his "past relevant work."   20 C.F.R. § 404.1520(a)(4)(i–iv); *Grogan*, 399 F.3d at 1261.  At the fifth step of the evaluation process, the burden of proof shifts to the Commissioner to show that the claimant is able to perform other work in the national economy, considering his residual functional capacity (hereinafter "RFC"), age, education, and work experience. *Grogan*, 399 F.3d at 1261.

---

[4]20 C.F.R. § 404, subpt. P, app. 1.

## IV. Plaintiff's Age, Education, Work Experience, and Medical History; and the ALJ's Decision

Plaintiff was born on August 29, 1955.  [*Doc. 11-1* at 43].  Plaintiff states that he completed the 12th grade in high school (*Doc. 11-5* at 38), and that he worked from 1996 to 2001 as a "Supervisor, Leadman, [and] Driver", where he "pulled orders for customers, packed for delivery, [and] loaded for delivery" (*Doc. 11-2* at 10).  Plaintiff alleges that he became disabled on October 15, 2005 due to high blood pressure and back problems.  [*Doc. 11-2* at 9].

Plaintiff's medical records document treatment from Lovelace (*Doc. 11-3* at 15-22); S.E.D. Medical Laboratories (*Doc. 11-3* at 23-25, 35-37); Lovelace Sandia Health System (*Doc. 11-3* at 27-34, *Doc. 11-5* at 14-16); and UNM Hospital (*Doc. 11*-4 at 33-59, *Doc. 11*-5 at 1-13 and 18, *Doc. 12-3* at 37-59, and *Doc. 12-4* at 1-24).  Plaintiff's medical records include: a Case Analysis by Lloyd Schneiderman, D.O., dated August 28, 2006 (*Doc. 11-3* at 41); a Psychiatric Review Technique by Scott Walker, M.D., dated April 16, 2007 (*Doc. 11-4* at 13-25); a Case Analysis by Edward Bocian, Jr., M.D., dated April 16, 2007 (*Doc. 11-4* at 27); a form titled "12.04 Affective Disorders" completed by Amissah Immanuel, M.D., dated February 8, 2008 (*Doc. 11-4* at 31); a Medical Assessment of Ability To Do Work-Related Activities (Physical), performed by Amissah Immanuel, M.D., dated February 8, 2008 (*Doc. 11-4* at 32); a "Confidential Evaluation" by Brenda L. Wolfe, Ph.D., Clinical Psychologist, which includes a Medical Assessment of Ability To Do Work-Related Activities (Mental), forms titled "12.04 Affective Disorders" and "12.06 Anxiety-Related Disorders," and a Psychiatric Review Technique, all dated September 5, 2008 (*Doc. 11-5* at 21-32) (with a letter from Dr. Amissah stating that he concurs with Dr. Wolfe's findings (*Doc. 11-5* at 20)); a Consultative Examination/Impairment Rating by

7

John Vigil, M.D.,C.I.M.E., which includes Medical Assessments of Ability To Do Work-Related Activities (both Physical and Non-Physical), all dated January 21, 2010 (*Doc. 12-4* at 26-34); and a Psychiatric Review Technique, performed by Alvin Smith, Ph.D., dated December 18, 2008 (*Doc. 12-4* at 35-48).  Where relevant, Plaintiff's medical records are discussed in more detail below.

At step one of the five-step evaluation process, ALJ Farris found that Plaintiff had not been engaged in substantial gainful activity since October 15, 2005, Plaintiff's alleged onset date. [*Doc. 12-1* at 10].   At step two, ALJ Farris found that during the period from October 15, 2005 to June 1, 2007, Plaintiff had the following severe impairments: chronic low back pain and hypertension.  *Id.*   ALJ Farris found that Plaintiff's depression was not severe during the relevant period (October 15, 2005 to June 1, 2007), because it "did not cause more than minimal limitation in [his] ability to perform basic mental work activities."   *Id.*   At the third step, ALJ Farris found that Plaintiff did not have an impairment or combination of impairments that met or medically equaled any of the Listings found in 20 C.F.R. § 404, Subpt. P, App. 1.   *Id.* at 11.

Before step four, ALJ Farris determined that, during the relevant time period, Plaintiff had the RFC to perform light work, "except that he should only occasionally climb, balance, stoop, kneel, crouch, or crawl, and should avoid exposure to hazardous conditions including dangerous machinery and unprotected heights."   *Id.*   In support of her RFC finding, ALJ Farris states that Plaintiff's "statements concerning the intensity, persistence and limiting effects of [his] symptoms are not credible to the extent they are inconsistent with the [RFC]."   *Id.* at 12.   ALJ Farris noted that Plaintiff's statements on his first Function Report "basically indicated 'nothing' in response to questions regarding his activities," and that this "lack of responsiveness undermines his

8

credibility." *Id*. at 13. In addition, ALJ Farris states that the medical records do not support the limited level of activities to which Plaintiff testified, for example, that he "was unable to drive or help his wife with housework." *Id.* ALJ Farris states that she "considered medical records dated after June 1, 2007 to the extent that they add to our understanding of [Plaintiff's] medical condition prior to that date." *Id.* at 13. ALJ Farris further states that the RFC finding addresses Plaintiff's hypertension condition "by limiting [Plaintiff] to work that does not involve exposure to hazardous conditions including dangerous machinery and unprotected heights," and it addresses Plaintiff's back pain by limiting Plaintiff to light work. *Id.* At step four, ALJ Farris found that Plaintiff was unable to perform any of his past relevant work during the period from October 15, 2005 to June 1, 2007, so she proceeded to the fifth step. *Id.* at 15.

At the fifth and final step, ALJ Farris found that, considering Plaintiff's age, education, work experience, and RFC, there are jobs that exist in significant numbers in the national economy that he can perform. *Id.* The ALJ, therefore, determined that Plaintiff was not disabled within the meaning of the Social Security Act from October 15, 2005 to June 1, 2007. *Id.* at 16.

## V.   Analysis

Plaintiff contends that ALJ Farris erred for the following reasons: (1) because she failed to apply and follow SSR 83-20, 1983 WL 31249; and (2) because she failed to cure the defects identified in Magistrate Judge Garza's opinion regarding Plaintiff's mental impairment. [*Doc. 16* at 7-13]. As relief, Plaintiff asks the Court to reverse ALJ Farris' decision or, alternatively, to remand the case for a new hearing before an ALJ. *Id.* at 14. In his response, Defendant disputes Plaintiff's contentions, and states that ALJ Farris was not required to apply SSR 83-20 and that substantial evidence supports ALJ Farris' evaluation of Plaintiff's mental impairment. [*Doc. 17*

at 5-10]. Defendant, therefore, states that the ALJ's decision is based on substantial evidence and the ALJ used correct legal standards in evaluating the evidence, so the Commissioner's final decision should be affirmed. *Id.* at 10.

### *A. Whether ALJ Farris was Required to Apply SSR 83-20*

Plaintiff's first claim is that ALJ Farris failed to apply and follow SSR 83-20. [*Doc. 16* at 7-10]. Plaintiff contends that, because "[t]he Social Security Administration had already determined that [Plaintiff] became disabled on June 1, 2007 based on his mental and physical impairments," "[t]he sole issue before ALJ Farris was to determine the onset date for [Plaintiff's] disability between October 15, 2005 and June 1, 2007." *Id.* at 7. Plaintiff contends that SSR 83-20 is controlling in this case, and ALJ Farris should have relied on a medical advisor to determine the onset date of Plaintiff's disability. *Id.*

Defendant, however, contends that ALJ Farris was not required to apply SSR 83-20 for two reasons. First, Defendant states that the ruling does not apply because the prerequisite finding of disability was not made during the time period between October 15, 2005 and June 1, 2007. [*Doc.* 17 at 5]. Second, Defendant contends that, even if there was a finding of disability, the medical evidence is not ambiguous because the SSA established Plaintiff's onset date as June 1, 2007. *Id.* at 5-6.

Plaintiff's onset date of disability is significant because it affects the period for which he can be paid benefits. *See* SSR 83-20 at *1. In Title II disability insurance cases such as this one, benefits can be paid for as many as twelve months before a claimant's application is filed. *Id.* "Therefore, the earlier the onset date is set, the longer is the period of disability and the greater the protection received." *Id.* SSR 83-20 contains guidelines for determining a claimant's onset date

of disability. The ruling defines the onset date of disability as, "the first day an individual is disabled as defined in the Act and the regulations." *Id.* In determining the onset date of disability for disabilities of non-traumatic origin,[5] SSR 83-20 requires that an ALJ consider the claimant's "allegations, work history, if any, and the medical and other evidence concerning impairment severity." SSR 83-20 at *2. The ruling recognizes that it is sometimes necessary to infer an onset date, in which case it provides that the ALJ should consult a medical advisor at the administrative hearing. *Id.* at *3.

The Court finds that Defendant's contention that SSR 83-20 does not apply because ALJ Farris found that Plaintiff was not disabled between October 15, 2005 and June 1, 2007 fails. It is undisputed that Plaintiff has been found to be disabled, including for mental impairment, starting on June 1, 2007. *See* [*Doc. 17-1* at 1]. Defendant's contention that ALJ Farris was required to find that Plaintiff was disabled between October 15, 2005 and June 1, 2007 before the requirement to consult a medical advisor pursuant to SSR 83-20 applies is incorrect because Plaintiff has already found to be disabled, so the question before ALJ Farris was <u>when</u> Plaintiff's disability began, and thus the application of SSR 83-20 was triggered. In other cases where a claimant has already been found to be disabled, courts have found that SSR 83-20 applies and the ALJ must consult a medical advisor if the medical evidence is ambiguous. *See Blea v. Barnhart*, 466 F.3d 903, 906-912 (10th Cir. 2006) (holding that the ALJ erred in failing to follow SSR 83-20 where the claimant was found to be disabled as of March 1, 2002, but the claimant alleged an onset date of June 1997), and *Page v. Apfel*, No. 98-4068-RDR, 2000 WL 1279518, *8 (D.Kan

---

5 Plaintiff does not allege an onset date based on a traumatic event. *See* [*Doc. 16* at 8] (stating that this case "involves a slowly progressive impairment").

Aug. 30, 2000) (holding that where the evidence appeared uncontroverted that the plaintiff was currently disabled, SSR 83-20 applied regarding the onset date of the plaintiff's disability). As the Tenth Circuit in *Blea* explained, "the issue of whether a medical advisor is required under SSR 83-20 does not turn on whether the ALJ could reasonably have determined that the claimant was not disabled before [his or] her last insured date," but, instead, "when there is no contemporaneous medical documentation, we ask whether the evidence is ambiguous regarding the possibility that the onset of [his or] her disability occurred before the expiration of [his or] her insured status."  466 F.3d at 911 (citation and brackets omitted). Here, Plaintiff has been found to have a disability with regard to his mental impairments, so SSR 83-20 applies and the question before the court is whether the evidence before the ALJ was ambiguous regarding Plaintiff's mental impairments so that ALJ Farris should have consulted "a medical advisor to insure that the determination of onset is based on a legitimate medical basis."  *Id.* (citation and internal quotation marks omitted).

Turning to the question of whether the medical evidence regarding Plaintiff's mental impairment from the period between October 15, 2005 and June 1, 2007 is ambiguous, the Court notes that there is no medical information regarding Plaintiff's mental impairments before June 1, 2007. There is evidence in the record, however, indicating the possibility that Plaintiff's mental impairments began before June 1, 2007, including: (1) Dr. Wolfe's opinion that Plaintiff has suffered from chronic depression since childhood, with which he coped by "distract[ing] himself with work and family duties, but that Plaintiff's depression worsened as a reaction to his loss of ability to work as a result of his motor vehicle accident, which occurred in 2005 (*Doc. 11-5* at 22-23) (stating on September 5, 2008 that Plaintiff's mental impairments have likely interfered

with is ability to obtain and retain employment "for the past three years" (*id.* at 23)); (2) Dr. Amissah's concurrence with Dr. Wolfe's findings (*id.* at 20); (3) Dr. Vigil's opinion that Plaintiff has been disabled "due to his chronic back pain and severe depression" "from at least October of 2005" (*Doc. 12-4* at 31); and (4) a statement by Plaintiff's wife dated May 16, 2008, that Plaintiff leaves the house much less often than previously, and indicating that Plaintiff's depression may have worsened over the last three to six years (*Doc. 11-3* at 10). This evidence is in contrast with Dr. Smith's opinion that indicates that Plaintiff's onset date for his mental impairments is June 1, 2007. *See* [*Doc. 17-2*].

The Tenth Circuit has explained that when there is a lack of medical evidence regarding a claimant's disability, the ALJ should consult a medical advisor. *See Blea*, 466 F.3d at 914 (explaining that SSR 83-20 "specifically provides, as an example of when an ALJ should call a medical advisor, the situation where 'the onset of a disabling impairment[] occurred some time prior to the date of the first recorded medical examination'") (citing SSR 83-20 at *3). In addition, similar to the facts in *Blea*, ALJ Farris' finding that Plaintiff was not disabled prior to June 1, 2007 "is at tension with the Commissioner's earlier determination" that there was sufficient medical evidence to find Plaintiff disabled starting on June 1, 2007, which was prior to any treatment for or report of mental impairments. *See Blea,* 466 F.3d at 914. Therefore, the Court finds that there is ambiguous evidence regarding the onset date for Plaintiff's mental impairments and ALJ Farris was required to consult a medical advisor with regard to the onset date for Plaintiff's mental impairments. *See Blea*, 466 F.3d at 913 (stating that the ALJ "may not make negative inferences from an ambiguous record; rather, [she] must call a medical advisor pursuant to SSR 83-20") (citation omitted).

The Court next considers whether this error should result in remand for additional fact-finding or for an immediate award of benefits. The decision of whether to remand a case for additional fact-finding or for an immediate award of benefits is within the discretion of the district court. *See Ragland v. Shalala*, 992 F.2d 1056, 1060 (10th Cir. 1993). To make this decision, the Court should consider the length of time the matter has been pending and whether additional fact-finding would serve any useful purpose. *See Salazar v. Barnhart*, 468 F.3d 615, 626 (10th Cir. 2006). Here, even though Plaintiff has already had his case remanded once, the Court finds that additional fact-finding regarding Plaintiff's onset date is required and is a medical determination for which the Court is not qualified. Therefore, the Court will remand this case to the Commissioner for a determination of Plaintiff's onset date for his mental impairment, using the services of a medical advisor, and consistent with this opinion. Because the sole issue on remand is the onset date of Plaintiff's disability from his mental impairments, Plaintiff's second claim that ALJ Farris erred in failing to find that Plaintiff had a severe mental impairment is moot and the Court declines to consider it.

## VI.  Conclusion

For the reasons stated above, the Court **FINDS** that the Commissioner's decision should be remanded for a determination of Plaintiff's onset date for his mental impairment, as set forth above.

**IT IS THEREFORE ORDERED** that Plaintiff's *Motion to Reverse or Remand Administrative Agency Decision (Doc. 15)* is **GRANTED** and the decision of the Commissioner is **REMANDED** for further proceedings consistent with this Memorandum Opinion and Order. A final order will be entered concurrently with this Memorandum Opinion and Order.

**IT IS SO ORDERED**

_____
**THE HONORABLE LOURDES A. MARTÍNEZ**
**UNITED STATES MAGISTRATE JUDGE**
**Presiding by Consent**